*MSG*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

JUN 16 2011

MICHAEL E. KUNZ, Clerk
By:_____ Dep. Clerk

ROGEL GRANT                       :     CIVIL ACTION
                                  :
        v.                        :
                                  :
MARK BALDWIN, et al.              :     NO. 11-3850

M E M O R A N D U M   A N D   O R D E R

        Plaintiff, an inmate at USP Hazelton, seeks to bring a civil
action in forma pauperis,[1] without prepayment of fees or security
therefor, asserting claims pursuant to 42 U.S.C. § 1983.  The
Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110
Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. §
1915, establishes certain financial requirements for prisoners
who are attempting to bring a civil action or file an appeal in
forma pauperis.

        Under the Act, a prisoner bringing a civil action in
forma pauperis must pay the full amount of the $350 filing fee.
28 U.S.C. § 1915(b)(1).  The prisoner must submit a certified
copy of his inmate trust fund account statement for the 6-month
period immediately preceding the filing of his complaint so the
Court can determine how the $350 filing fee will be paid.  28
U.S.C. § 1915(a)(2).  The prisoner must obtain this statement
from the appropriate official of each prison at which he was or
is confined.  Id.  The Court must then "assess [the prisoner's
financial status] and, when funds exist, collect, as a partial
payment of any court fees required by law, an initial partial

---

        [1]Suits brought in forma pauperis are governed by 28 U.S.C. §
1915.

filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."

Based upon plaintiff's financial information, an initial partial filing fee of $66.80 is assessed. The Warden or other appropriate official at USP Hazelton, or at any prison at which plaintiff may be confined, will be directed to deduct $66.80 from plaintiff's inmate account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in plaintiff's inmate account exceeds $10, an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

Plaintiff may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

We shall give plaintiff twenty (20) days from the date of this order to decide whether he wants to proceed with this

case. If by that time, plaintiff decides not to proceed with the case, he need not pay the $350 filing fee.

Accordingly, it is, this 15th day of June, 2011, hereby ORDERED that:

1. The petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;

2. If plaintiff files with the Court within twenty (20) days from the date of this order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3. The Clerk of Court shall CLOSE this case statistically.

**BY THE COURT:**

**MITCHELL S. GOLDBERG, J.**