IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROGEL GRANT : CIVIL ACTION
:
v. :
:
MARK BALDWIN, et al. : NO. 11-3850

M E M O R A N D U M

GOLDBERG, J. MAY 16, 2013

By Order dated October 26, 2012, plaintiff was given leave to file an amended complaint within thirty (30) days. Thereafter, he was granted three extensions of time to file an amended complaint by orders dated February 1, 2013, February 27, 2013 and April 3, 2013. Plaintiff finally submitted his amended complaint to the Court on May 13, 2013. For the reasons which follow, this Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e).

In this civil action, plaintiff is attempting to file a civil rights complaint against Judge James Knoll Gardner and Magistrate Judge Arnold C. Rapoport of the United States District Court for the Eastern District of Pennsylvania, the Attorney General of the United States, former U.S. Attorney Patrick L. Meehan and Assistant U.S. Attorney Francis C. Barbieri, Jr., the Berks County District Attorney and an Assistant District Attorney, nine police detectives and four police officers from Reading, Pennsylvania, an FBI agent, a district justice and unidentified defendants. Although it is not clear, it appears that plaintiff is alleging that he is the victim of fraud, false imprisonment and a malicious prosecution.

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir.1998). Because plaintiff's complaint deals with events in his criminal case that occurred during the period from March of 2004 to September of 2006, and his complaint was filed in this Court on June 13, 2011, he is now time barred from bringing claims that arose during that two year period.

Plaintiff's malicious prosecution claims are not cognizable under § 1983. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid. However, he does not state that his conviction has been reversed or otherwise

invalidated.

Finally, plaintiff is also attempting to bring a claim for malicious prosecution under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. However, that claim is barred by the exceptions to the FTCA listed in 28 U.S.C. § 2680(h).